**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Damon Williams** | : | |
| 483 Ashburton Road, Apt. D | : | |
| Columbus, Ohio 43213 | : | |
| | : | |
| Plaintiff, | : | Case No. 2:22-CV-3073 |
| | : | |
| v. | : | Judge |
| | : | |
| **Helix Gahanna Lodging, LLC** | : | Magistrate Judge |
| d/b/a TownePlace Suites Gahanna | : | |
| 695 Taylor Road | : | **COMPLAINT** |
| Columbus, Ohio 43230 | : | **(Jury Demand Endorsed Hereon)** |
| *Agent for Service of Process* | : | |
| InCorp Services, Inc. | : | |
| 9435 Waterstone Blvd, Suite 140 | : | |
| Cincinnati, Ohio 45249 | : | |
| | : | |
| and | : | |
| | : | |
| **Helix Gahanna Holdings, LLC** | : | |
| d/b/a SpringHill Suites Gahanna | : | |
| 665 Taylor Road | : | |
| Columbus, Ohio 43230 | : | |
| *Agent for Service of Process* | : | |
| InCorp Services, Inc. | : | |
| 9435 Waterstone Blvd, Suite 140 | : | |
| Cincinnati, Ohio 45249 | : | |
| | : | |
| Defendants. | : | |

Plaintiff Damon Williams ("Plaintiff"), by and through undersigned counsel, brings the following Complaint alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and Ohio's antidiscrimination laws, R.C. Chapter 4112, against Defendants Helix Gahanna Lodging, LLC, d/b/a TownPlace Suites Gahanna ("TownPlace Suites"), and Helix Gahanna Holdings, LLC, d/b/a SpringHill Suites Gahanna ("SpringHill Suites") (TownPlace Suites and SpringHill Suites collectively hereinafter "Defendants"):

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Counts I and II pursuant to 28 U.S.C. § 1331 because the claims are set forth pursuant to the laws of the United States of America.

2. The Court has supplemental jurisdiction over Counts III – VI, Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because the claims arise out of the same set of operative facts.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the causes of action occurred in Franklin County, Ohio, within the Southern District of Ohio, Eastern Division.

## PARTIES

4. Plaintiff is a natural person residing in Franklin County, Ohio, within the Southern District of Ohio, Eastern Division. Plaintiff is an African American male. At all relevant times, Plaintiff was an employee of TownePlace Suites and/or SpringHill Suites as defined by the FMLA, 29 U.S.C. § 2611(3). At all relevant times, Plaintiff was an eligible employee as that term is defined by the FMLA, 29 U.S.C. § 2611(2)(A). At all relevant times, Plaintiff had a serious health condition, including but not limited to hypertension, Type 2 Diabetes Mellitus, Coronary Artery Disease, and Hyperlipidemia, as that term is defined by the FMLA, 29 U.S.C. § 2611(11). At all relevant times, Plaintiff was an employee of TownePlace Suites and/or SpringHill Suites as defined by Ohio's antidiscrimination law, R.C. 4112.01(A)(3) (2000). At all relevant times, Plaintiff has disabilities, including but not limited to hypertension, Type 2 Diabetes Mellitus, Coronary Artery Disease, and Hyperlipidemia, as that term is defined by Ohio's antidiscrimination laws, R.C.

4112.01(A)(13) (2000). Plaintiff's disabilities interfere with his major bodily functions, including but not limited to his circulatory and endocrine systems.

5. Defendant Helix Gahanna Lodging, LLC, d/b/a TownePlace Suites Gahanna ("TownePlace Suites"), is a hotel by Marriott located at 695 Taylor Road, Columbus, Ohio 43230. At all relevant times, TownePlace Suites is an employer, as that term is defined by the FMLA, 29 U.S.C. § 2611(4)(A), and Ohio's antidiscrimination laws, R.C. 4112.01(A)(2) (2000), that employed Plaintiff.

6. Defendant Helix Gahanna Holdings, LLC, d/b/a SpringHill Suites Gahanna ("SpringHill Suites"), is a hotel by Marriott located at 665 Taylor Road, Columbus, Ohio 43230. At all relevant times, SpringHill Suites is an employer, as that term is defined by the FMLA, 29 U.S.C. § 2611(4)(A), and Ohio's antidiscrimination laws, R.C. 4112.01(A)(2) (2000), that employed Plaintiff.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff became employed by SpringHill Suites on March 21, 2018 as a Housekeeper. At the time, SpringHill Suites was not owned by Helix Gahanna Holdings, LLC.

8. On July 16, 2019, Helix Gahanna Holdings, LLC purchased SpringHill Suites, Helix Gahanna Lodging, LLC purchased TownePlace Suites, and Helix Hospitality assumed management of SpringHill Suites and TownePlace Suites.

9. During August 2019, Plaintiff was promoted to Inspector and received a raise.

10. During September 2019, Plaintiff was promoted to Housekeeping Supervisor and received a raise. At this time, Plaintiff made $15.00 per hour.

11. Plaintiff worked closely with the former Dual Property Manager Executive Housekeeper Chris Hoover during March and April 2020 at the beginning of the COVID-19 pandemic.

12. In late April 2020, Plaintiff was furloughed due to lack of work as a result of the COVID-19 pandemic.

13. During June 2020, Plaintiff returned to work part-time. Plaintiff worked at SpringHill Suites and TownePlace Suites during June, July and August 2020.

14. At the end of July 2020 and early August 2020, Bob Wallace, General Manager, commended Plaintiff for his cleanliness and willingness to pick up shifts while other employees routinely called off.

15. On or about August 3, 2020, Plaintiff sought medical attention at The Ohio State University Wexner Medical Center East Hospital for medical issues related to Plaintiff's heart disease/conditions.

16. Plaintiff informed Mr. Wallace that he needed a leave of absence until August 19, 2020 for a medical issue. Plaintiff advised Mr. Wallace that he would provide him with a work excuse when he returned to work. Mr. Wallace did not request or require any other information at that time or advise Plaintiff that he needed to complete and provide any documentation regarding his medically necessary leave.

17. During his medical leave, Plaintiff received a heart stint.

18. During Plaintiff's medical leave, Bryan Moore became the General Manager of SpringHill Suites and TownePlace Suites on or about August 10, 2020.

19. Mr. Moore was employed by Helix Gahanna Lodging, LLC d/b/a TownePlace Suites Gahanna, as the General Manager for TownePlace Suites and SpringHill Suites from August 10, 2020 through June 3, 2021.

20. During Plaintiff's medical leave, Christina Bumpus applied for and received a promotion to Executive Housekeeper. The position was not posted at work, on websites, or on job

4

search sites and was unknown to everyone except Ms. Bumpus. Plaintiff had more experience than Ms. Bumpus. In addition, Plaintiff was a supervisor, while Ms. Bumpus was merely a Housekeeper.

21. When Plaintiff returned to work on or about August 21, 2020, he provided his medical excuse to Habiba Bah, Front Desk Supervisor.

22. On or about August 9, 2020, Plaintiff verbally informed, and via doctor's note, Mr. Wallace and Ms. Bah that he would need the mornings of Tuesdays and Thursdays off for physical therapy for his heart condition.

23. On or about August 21, 2020, Plaintiff informed Mr. Moore of his position as supervisor and offered to help in any way that he could to bring the hotels up to par during the COVID-19 pandemic.

24. Plaintiff learned from Mr. Moore on or about August 21, 2020 that he was no longer Housekeeping Supervisor. Mr. Moore informed Plaintiff that Ms. Bumpus had been promoted.

25. Mr. Moore asked why Plaintiff was on medical leave. Plaintiff informed Mr. Moore that he had surgery to insert a heart stint. Plaintiff also informed Mr. Moore that he had diabetes. Plaintiff verbally advised, and via a doctor's note, Mr. Moore that he would need Tuesday and Thursday mornings off for physical therapy related to his heart disease/conditions. Mr. Moore informed Plaintiff that he would let upper management know about Plaintiff's medical conditions.

26. On Plaintiff's first day back to work, on August 21, 2020, Mr. Moore made allegations regarding Plaintiff's personal appearance, specifically that Plaintiff smelled and that his uniform did not comply with the company handbook standards.

27. During the August 21, 2020 meeting, Mr. Moore alleged that Plaintiff's "people" tend to have strong body odor. Mr. Moore also referred to Plaintiff as "boy," a known derogatory term for African American men.

28. After a few days of reflection, on or about August 31, 2020, Plaintiff complained to Mr. Moore about his use of the word "boy" and referring to African Americans as his "people," in a derogatory manner. Plaintiff specifically stated that Mr. Moore's language was wrong and racist.

29. Mr. Moore then furloughed Plaintiff again for an alleged "lack of work."

30. During the furlough conversation Mr. Moore on or about August 31, 2020, Mr. Moore told Plaintiff, "You cost too much, boy." Mr. Moore also stated, "I don't understand why you people can't just be happy with unemployment." When Plaintiff advised Mr. Moore that his words offended him, Mr. Moore stated, "Everything offends you people."

31. After Mr. Moore furloughed Plaintiff on or about August 31, 2020, Mr. Moore hired two additional Housekeepers in early October 2020. These Housekeepers worked overtime while Plaintiff was furloughed.

32. Plaintiff returned to work from furlough on or about October 21, 2020 at TownePlace Suites, not SpringHill Suites.

33. Mr. Moore constantly made derogatory remarks about TownePlace Suites being the "black" hotel where the majority of employees were African American. Mr. Moore purposefully sent African American guests from SpringHill Suites to TownePlace Suites. The majority of workers at SpringHill Suites were Caucasian or Hispanic.

34. On or about January 1, 2021, Defendant's reduced Plaintiff's hourly rate from $15.00 per hour to $13.00 per hour.

6

35. On or about April 21, 2021, Plaintiff dual filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-01542.

36. The EEOC is still conducting its investigation. Therefore, Plaintiff is waiting for his Right to Sue letter from the EEOC to pursue his federal claims against the appropriate Defendants.

### COUNT I: FMLA ENTITLEMENT, 29 U.S.C. § 2615(a)(1)

37. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

38. Plaintiff was an eligible employee under FMLA as defined by 29 U.S.C. § 2611(2)(A).

39. Defendants SpringHill Suites and TownePlace Suites were covered employers under the FMLA as defined by 29 U.S.C. § 2611(4).

40. Plaintiff was entitled to leave and took FMLA leave.

41. Plaintiff gave Defendants SpringHill Suites and TownePlace Suites notice of his need and intent to take leave and took FMLA leave.

42. Defendants SpringHill Suites and TownePlace Suites denied Plaintiff rights to which he was entitled by not returning him to the same position of Housekeeping Supervisor when he returned from FMLA leave in violation of 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2614(a)(1).

43. As a direct and proximate result of Defendants SpringHill Suites and TownePlace Suites' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

44. Defendants SpringHill Suites and TownePlace Suites' conduct was willful, wanton, reckless, and/or malicious for which Defendants SpringHill Suites and TownePlace Suites are liable for liquidated damages, compensatory damages, punitive damages, reasonable attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under R.C. Chapter 4112 (2000).

## COUNT II: FMLA RETALIATION, 29 U.S.C. § 2601

45. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

46. Plaintiff was engaged in activity protected by the FMLA when he took FMLA qualifying leave for his serious medical condition(s) and disability(ies).

47. Defendants SpringHill Suites and TownePlace Suites had knowledge that Plaintiff took FMLA because Plaintiff informed Bob Wallace, former General Manager, and Mr. Moore.

48. After learning of Plaintiff's use of FMLA leave, Mr. Moore demoted Plaintiff from Executive Housekeeper to Housekeeper.

49. The temporal proximity and other indicia of retaliation establishes a causal connection between Plaintiff's FMLA protected activity and the adverse employment action.

50. As a direct and proximate result of Defendants SpringHill Suites and TownePlace Suites' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

51. Defendants SpringHill Suites and TownePlace Suites' conduct was willful, wanton, reckless, and/or malicious for which Defendants SpringHill Suites and TownePlace Suites are liable for liquidated damages, compensatory damages, punitive damages, reasonable

attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under R.C. Chapter 4112 (2000).

### **COUNT III: DISABILITY DISCRIMINATION, R.C. 4112.02(A) (2000)**

52. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

53. At all times material herein, Plaintiff had a disability(ies), had a record of being disabled and/or was regarded as being disabled, as defined in R.C. 4112.01(13) (2000).

54. Defendants knew that Plaintiff had a disability(ies), had a record of disability, and/or regarded Plaintiff as disabled.

55. Despite his disability(ies), Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation. Accordingly, Plaintiff was an "otherwise qualified" individual.

56. Defendants SpringHill Suites and TownePlace Suites discriminated against Plaintiff because of his disability(ies) and serious medical condition(s) by taking the following non-exhaustive list of actions: (1) demoting Plaintiff from Executive Housekeeper upon his return from FMLA eligible medical leave; (2) decreasing Plaintiff's pay from $15.00 per hour to $13.00 per hour; (3) furloughing Plaintiff during the COVID-19 pandemic when despite his seniority over non-disabled employees; and (4) otherwise treating him less favorably than similarly situated employees who, upon information and belief and after reasonable opportunity for discovery, are not disabled, actual or perceived, and who do not have a record of a disability.

57. As such, Defendants SpringHill Suites and TownePlace Suites have violated R.C. 4112.02(A) (2000), by discriminating against Plaintiff based on his actual or perceived disability(ies) or his record of being disabled.

58. As a direct and proximate result of Defendants SpringHill Suites and TownePlace Suites' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

59. Defendants SpringHill Suites and TownePlace Suites' conduct was willful, wanton, reckless, and/or malicious for which Defendants SpringHill Suites and TownePlace Suites are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under R.C. Chapter 4112 (2000).

## COUNT IV: DISABILITY RETALIATION, R.C. 4112.02(I) (2000)

60. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

61. Plaintiff engaged in protected activity when he requested and took medical leave for his serious medical condition(s), which is also a disability(ies).

62. Defendants SpringHill Suites and TownePlace Suites knew of the complaint because Plaintiff informed Bob Wallace, former General Manager, Habiba Bah, Front Desk Supervisor, and Mr. Moore that he needed medical leave and the reasons therefor.

63. While Plaintiff was on medical leave, Mr. Moore promoted Christina Bumpus to Executive Housekeeper and notified Plaintiff that he was demoted from Housekeeping Supervisor to Housekeeper upon his return from medical leave.

64. The temporal proximity between Plaintiff's request for medical leave, taking medical leave, Plaintiff's demotion, and Christina Bumpus' promotion establishes a causal connection between his protected activity and his demotion.

65. As such, Defendants SpringHill Suites and TownePlace Suites have violated R.C. 4112.02(I) (2000), by retaliating against Plaintiff because of his request for medical leave and taking medical leave.

66. As a direct and proximate result of Defendants SpringHill Suites and TownePlace Suites' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

67. Defendants SpringHill Suites and TownePlace Suites' conduct was willful, wanton, reckless, and/or malicious for which Defendants SpringHill Suites and TownePlace Suites are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under R.C. Chapter 4112 (2000).

## COUNT V: RACE AND SEX DISCRIMINATION, R.C. 4112.02(A) (2000)

68. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

69. Plaintiff is a member of a protected class because he is an African American male.

70. Plaintiff was qualified for, and performing, the position of Housekeeping Supervisor and Housekeeper.

71. Defendants SpringHill Suites and TownePlace Suites discriminated against Plaintiff because of his combined race and sex by taking the following non-exhaustive list of actions: (1) demoting Plaintiff from Housekeeping Supervisor and replacing him with a

11

Caucasian female; (2) decreasing Plaintiff's pay from $15.00 per hour to $13.00 per hour; (3) furloughing Plaintiff during the COVID-19 pandemic despite his seniority over Caucasian female employees and African American female employees; and (4) otherwise treating him less favorably than similarly situated employees who after reasonable opportunity for discovery are not African American men.

72. As such, Defendants SpringHill Suites and TownePlace Suites have violated R.C. 4112.02(A) (2000), by discriminating against Plaintiff based on his combined race and sex, specifically being an African American male.

73. As a direct and proximate result of Defendants SpringHill Suites and TownePlace Suites' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

74. Defendants SpringHill Suites and TownePlace Suites' conduct was willful, wanton, reckless, and/or malicious for which Defendants SpringHill Suites and TownePlace Suites are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under R.C. Chapter 4112 (2000).

## COUNT VI: RACE RETALIATION, R.C. 4112.02(I) (2000)

75. Plaintiff reincorporates, as if fully realleged herein, the foregoing paragraphs of the Complaint.

76. Plaintiff engaged in protected activity when he complained that Mr. Moore's comments were offensive, wrong and racist.

77. Defendants SpringHill Suites and TownePlace Suites knew of the complaint because Plaintiff complained to Mr. Moore, General Manager, of Defendants SpringHill Suites and TownePlace Suites.

78. Immediately after Plaintiff complained about Mr. Moore's racist comments, Mr. Moore furloughed Plaintiff.

79. The temporal proximity between Plaintiff's complaints and his furlough establishes there is a causal connection between his complaint and his furlough.

80. As such, Defendants SpringHill Suites and TownePlace Suites have violated R.C. 4112.02(I) (2000), by retaliating against Plaintiff because of his complaints of race discrimination.

81. As a direct and proximate result of Defendants SpringHill Suites and TownePlace Suites' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages as outlined herein.

82. Defendants SpringHill Suites and TownePlace Suites' conduct was willful, wanton, reckless, and/or malicious for which Defendants SpringHill Suites and TownePlace Suites are liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under R.C. Chapter 4112 (2000).

**WHEREFORE**, Plaintiff Damon Williams prays for Judgment in his favor, back pay, front pay, punitive damages, pain and suffering, liquidated damages, compensatory and non-economic damages in excess of $75,000, attorneys' fees, costs, pre- and post-judgment interest, and any other relief to which Plaintiff may be entitled.

        Respectfully Submitted,

        *s/Laren E. Knoll*
        Laren E. Knoll (0070594)
        **THE KNOLL LAW FIRM, LLC**
        7240 Muirfield Drive, Suite 120
        Dublin, Ohio 43017
        Telephone: (614) 372-8890
        Facsimile: (614) 452-4850
        Email: lknoll@knolllaw.com
        *Trial Attorney for Plaintiff Damon Williams*

        Daniel I. Bryant (0090859)
        **BRYANT LEGAL, LLC**
        1550 Old Henderson Road, Suite 126
        Columbus, Ohio 43220
        Telephone: (614) 704-0546
        Facsimile: (614) 573-9826
        Email: dbryant@bryantlegalllc.com
        *Co-Counsel for Plaintiff Damon Williams*

## JURY DEMAND

Plaintiff requests a trial by a jury on all issues set forth herein.

        *s/Laren E. Knoll*
        Laren E. Knoll (0070594)
        The Knoll Law Firm, LLC
        *Trial Attorney for Plaintiff Damon Williams*